UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROYAL SMIT TRANSFORMERS BV, AXA VERSICHERUNG AG, HDI-GERLING INDUSTRIE-VERSICHERUNG AG, BASLER SACHVERSICHERUNG AG, and ERGO VERSICHERUNG AG<br>*Plaintiffs* | * * * * * * * | CIVIL ACTION<br><br>NO. |
| VERSUS | * * | |
| M/V HC BEA-LUNA, *in rem*, and CENTRAL OCEANS USA, LLC, ONEGO SHIPPING & CHARTERING BV, CANADIAN NATIONAL RAILWAY COMPANY (CN), and BERARD TRANSPORTATION, INC., *in personam*<br>*Defendants* | * * * * * * * | |
| * * * * * * * * * * * * | | |

## **VERIFIED COMPLAINT**

**TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF LOUISIANA:**

1.

The Complaint of Plaintiffs, Royal SMIT Transformers BV, AXA Versicherung AG, HDI-Gerling Industrie-Versicherung AG, Basler Sachversicherung AG, and Ergo Versicherung AG (hereinafter collectively referred to as "Plaintiffs") in a cause of action for cargo loss and damage, upon information and belief respectfully aver, as follows:

1.

Jurisdiction is conferred upon this Court pursuant to its Admiralty and Maritime Jurisdiction of the United States Courts, 28 U.S.C. §1333 and Art. III of the United States Constitution. Jurisdiction is also conferred upon this Court pursuant to diversity jurisdiction, 28

U.S.C. §1332, as there is complete diversity among the parties and the matter in controversy exceeds, $75,000, exclusive of interest and costs. This is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Venue herein is proper pursuant to 28 USC §1391.

3.

Plaintiff, Royal SMIT Transformers BV ("Royal SMIT"), was and now is a foreign corporation, created and existing pursuant to the laws of a country other than the United States with its place of business located in The Netherlands, and was at all times pertinent the owner of the Cargo described hereinbelow.

4.

Plaintiff, Axa Versicherung AG was and now is a business entity, created and existing pursuant to the laws of a country other than the United States with its place of business located in Koeln, Germany, and which was an insurer (50%) of the Cargo owned by Royal SMIT as more fully described hereinbelow.

5.

Plaintiff, HDI- Gerling Industrie-Versicherung AG, was and now is a business entity, created and existing pursuant to the laws of a country other than the United States with its place of business in Hannover, Germany, and which was an insurer (20%) of the Cargo owned by Royal SMIT as more fully described hereinbelow.

6.

Plaintiff, Basler Sachversicherung AG, was and now is a business entity, created and existing pursuant to the laws of a country other than the United States, with its place of business in Homburg, Germany, and which was an insurer (20%) of the Cargo owned by Royal SMIT as more fully described hereinbelow.

7.

Plaintiff, Ergo Versicherung AG, was and now is a business entity, created and existing pursuant to the laws of a country other than the United States, with its place of business in Dusseldorf, Germany, and which was an insurer (10%) of the Cargo owned by Royal SMIT as more fully described hereinbelow.

8.

At all times pertinent, the M/V HC BEA-LUNA was a general ship engaged in the common carriage of cargo for water for hire, and is now or will be during the pendency of process hereunder within this district and within the jurisdiction of this Honorable Court.

9.

At all times pertinent, defendant, Central Oceans USA, LLC ("Central Oceans") was and now is a business entity, created and existing pursuant to the laws of the State of Virginia, with its place of business located in Charlottesville, Virginia, and engaged in the common carriage of cargo, including the Cargo described hereinbelow by water and land for hire, and was at all times pertinent hereto a carrier of the Cargo.

10.

At all times pertinent, defendant, Onego Shipping & Chartering BV ("Onego Shipping"), was and now is a business entity, created and existing pursuant to the laws of a country other than the United States, and engaged in the common carriage of cargo, including the Cargo described hereinbelow, by water for hire, and was at all times pertinent the owner, operator, manager and/or charterer of the M/V HC BEA-LUNA.

11.

At all times pertinent, defendant, Canadian National Railway Company (CN) ("Canadian National") was and now is a business entity, created and existing pursuant to the laws of a country other than the United States, with its place of business located in Montreal, Canada, and which at all times pertinent provided land transportation and carriage of the Cargo described hereinbelow.

12.

Defendant Berard Transportation, Inc. ("Berard"), was and now is a Louisiana corporation with its principal place of business located in New Iberia, Louisiana, and which at all times pertinent, provided land transportation and carriage of the Cargo described hereinbelow.

13.

In November, 2015, Royal SMIT arranged to sell to Entergy Louisiana, LLC three transformers (the "Cargo") for use at Entergy's Willow Glen Substation in St. Gabriel, Louisiana.

14.

On or about December 5, 2015, Royal SMIT contracted with Central Oceans wherein Central Oceans agreed to transport and carry the cargo from Rotterdam, Netherlands to St. Gabriel, Louisiana, pursuant to Multimodal Transport Bill of Lading No. USA/RTD/NOLA2076.

15.

In late 2015 at the Port of Rotterdam, The Netherlands, the Cargo was delivered in good order and condition for loading and carriage aboard the M/V HC BEA-LUNA to New Orleans, Louisiana, all in consideration of an agreed freight and in accordance with the terms of a Bill of Lading No. ONEGHCBROT121502 issued by Onego Shipping.

16.

Thereafter, the M/V HC BEA-LUNA departed Rotterdam, The Netherlands and subsequently arrived at the Harmony Street Wharf in the Port of New Orleans, Louisiana where the Cargo was discharged for inland transportation and delivery.

17.

On or about January 5, 2016 in the Port of New Orleans, the Cargo was loaded onto railcars owned and operated by Canadian National for on-carriage to St. Gabriel, Louisiana.

18.

After transportation and carriage by Canadian National, the Cargo was transferred to Berard Trucking for delivery to the final destination and placement on pads at Entergy's Willow Glen Substation in St. Gabriel, Louisiana. The trucks arrived on January 12, 14 and 15, 2016, at which time the three transformers respectively were offloaded from the trailers and placed onto the designated pads at Entergy's Willow Glen Substation.

19.

Upon delivery at Willow Glen Substation St. Gabriel, an inspection of the Cargo revealed that each of the three transformers had sustained significant damages from being subjected to excessive vibrations during transit, resulting in losses of at least $1,600,000 plus survey fees and

expenses, no part of which had been paid, although duly demanded. Plaintiffs reserve the right to supplement and amend their damage estimate as this matter proceeds.

20.

As a result of the damages and losses sustained, the Cargo insurers have become obligated to pay sums under their cargo insurance policy and, as a result of any such payments, are subrogated to the rights of the Cargo owner, Royal SMIT.

21.

The damage to the Cargo described herein was caused by the unseaworthiness of the M/V HC BEA-LUNA.

22.

The damage to the Cargo described herein was caused by the breach of contract, fault and negligence of Central Oceans, Onego Shipping, Canadian National, and Berard Transportation and/or those for whom they are responsible, all of which was in breach of the obligations of these defendants under the governing contract(s) of afreightment and/or under the Carriage of Goods by Sea Act and/or under the Harter Act and/or under the Carmack Amendment and/or Louisiana law, and/or some other governing scheme of liability.

23.

By reason of the foregoing, Plaintiffs have a maritime lien against the M/V HC BEA-LUNA, her engines, boilers, etc., for the aforesaid damages and losses in the amount of at least $1.6 million, plus survey fees and expenses, with interest thereon and their costs and disbursements, and Plaintiffs are entitled to be paid by preference and priority from the sale of said vessel.

24.

All and singular the matters aforesaid are true and correct.

25.

Plaintiffs reserve the right to make additional allegations of negligence and fault during the course of this litigation as more facts become available.

WHEREFORE, Plaintiffs, Royal SMIT Transformers BV, AXA Versicherung AG, HDI-Gerling Industrie-Versicherung AG, Basler Sachversicherung AG, and Ergo Versicherung AG pray that:

1) The Clerk of Court issue a warrant for the arrest and seizure of the M/V HC BEA-LUNA, her engines, boilers, etc., and that all persons claiming any right, title or interest in said vessel be summoned to appear and to answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as foresaid, with interest, costs and disbursements.

2) Defendants, Central Oceans USA, LLC, Onego Shipping & Chartering BV, Canadian National Railway Company (CN), and Berard Transportation, Inc., be served with copies of this Complaint, together with summonses to appear and answer under oath all and singular the matters aforesaid;

3) After due proceedings are had that there be Judgment in favor of Plaintiffs, Royal SMIT Transformers BV, AXA Versicherung AG, HDI-Gerling Industrie-Versicherung AG, Basler Sachversicherung AG, and Ergo Versicherung AG and against the defendants M/V HC BEA-LUNA, Central Oceans USA, LLC, Onego Shipping & Chartering BV, Canadian National Railway Company (CN), and

Berard Transportation, Inc., and that the Court order, adjudge and decree that the defendants pay to Plaintiffs the losses sustained, together with interest thereon and all of their costs and disbursements; and

4) Plaintiffs have such other and further relief in the premises as in law and justice they may be entitled to receive.

Respectfully submitted,

**MONTGOMERY BARNETT, L.L.P.**

_/s/ Philip S. Brooks, Jr._
PHILIP S. BROOKS, JR., T.A. (#21501)
RONALD J. KITTO (#28638)
1100 Poydras Street, 3300 Energy Centre
New Orleans, LA 70163
Telephone: (504) 585-3200
Facsimile: (504) 585-7688
E-mail: pbrooks@monbar.com
rkitto@monbar.com

*Attorneys for Plaintiffs, Royal SMIT Transformers BV, AXA Versicherung AG, HDI-Gerling Industrie-Versicherung AG, Basler Sachversicherung AG, and Ergo Versicherung AG*

**SERVICE BY WAIVER:**

**M/V HC BEA-LUNA**
Hold

**CENTRAL OCEANS USA, LLC**
1910 Abbott Street, No. 202
Charlotte, NC 28203

**ONEGO SHIPPING & CHARTERING BV**
11451 Katy Freeway, Ste. 225
Houston, TX  77079

**CANADIAN NATIONAL RAILWAY COMPANY**
935 Dee La Gauchetiere Street West
Montreal, Canada
H3B 2M9

**BERARD TRANSPORTATION, INC.**
3214 West Admiral Doyle Drive
New Iberia, LA 70560

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared;

PHILIP S. BROOKS, JR.,

who deposed and stated that he is a partner of the law firm of Montgomery Barnett, L.L.P., attorneys for Plaintiffs herein; that he has read the foregoing Complaint and knows the contents thereof, and that the same are true to the best of his knowledge and belief; that the sources of his knowledge and the grounds for his belief are various documents and information furnished to him on behalf of Plaintiffs, and with specific authorization.

_____
PHILIP S. BROOKS, JR.

Sworn to and subscribed before me,
this 12 day of September, 2016.

_____
NOTARY PUBLIC

DONALD J. KITTO
NOTARY PUBLIC
Bar # 20608
Parish of Orleans, State of Louisiana
My Commission is issued for Life