UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROYAL SMIT TRANSFORMERS BV, AXA VERSICHERUNG AG, HDI-GERLING INDUSTRIE-VERSICHERUNG AG, BASLER SACHVERSICHERUNG AG, and ERGO VERSICHERUNG AG<br>*Plaintiffs* | * * * * * * * | CIVIL ACTION<br><br>NO. 2:16-cv-14647 |
| Versus | * * * | SECTION "I"<br>JUDGE AFRICK |
| M/V HC BEA-LUNA, *in rem,* and CENTRAL OCEANS USA, LLC, ONEGO SHIPPING & CHARTERING, BV, CANADIAN NATIONAL RAILWAY COMPANY (CN), and BERARD TRANSPORTATION, INC., *in personam*<br>*Defendants* | * * * * * * * * | MAG 2<br>MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * * *

ANSWER AND REQUEST FOR TRIAL BY JURY

The answer of defendant Illinois Central Railroad Company (IC) to the December 22, 2016 First Amended Complaint (R. Doc 14) of plaintiffs, Royal Smit Transformers, BV, AXA Versicherung AG, HDI-Gerling Industrie-Versicherung AG, Basler Sachversicherung AG, and Ergo Versicherung AG (plaintiffs) is as follows:

First Defense

IC avers that the allegations of the complaint fail to state a claim upon which relief can be granted as against this defendant and should be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

Second Defense

For answer to the numbered averments of plaintiffs' Complaint as amended by plaintiffs' December 22, 2016 First Amended Complaint, defendant IC represents:

I.

Paragraph 1 of the amended complaint, purports to re-allege and reassert by reference all the singular averments of plaintiffs' original complaint—presumably except those paragraphs specifically amended by plaintiffs' amended complaint—amending and making the alleged factual averments thereof which pertained to "Canadian National Railway Company" applicable to IC instead—is answered as one sequential complaint as follows:

II.

Paragraph 1, although actually the second "Paragraph 1" of the original complaint is admitted.

III.

Except to the extent that Multi Modal Transport Bill of Lading No USA/RTD/NOLA/2076, referenced in this action at R. Doc. 1, Paragraph 14 is determined to control venue, Paragraph 2 of the original complaint is admitted specifically as to this defendant

as venue in this United States District Court would be proper as to defendant IC as it is a corporation, a common carrier by railroad incorporated under the laws of the State of Illinois with its principal business offices in Homewood, Illinois, that is engaged in business within this State and this Judicial District.

IV.

Paragraph 3 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

V.

Paragraph 4 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

VI.

Paragraph 5 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

VII.

Paragraph 6 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

VIII.

Paragraph 7 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

IX.

Paragraph 8 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

X.

Paragraph 9 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

XI.

Paragraph 10 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

XII.

Paragraph 11 of the original complaint, as amended by Article 2. of the amended complaint is denied as written. IC admits that it is a corporation, an interstate common carrier by railroad, incorporated under the laws of and maintaining its principal business offices in the State of Illinois; IC owns and operates tracks and facilities, employs persons, is qualified to engage in and is in fact engaged in interstate commerce as a common carrier by railroad in the State of Louisiana and within the territorial jurisdiction of the United States District Court for the Eastern District of Louisiana, with its principal in state business office located in Harahan, Louisiana.

XIII.

Paragraph 12 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

XIV.

Paragraph 13 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

XVI.

Paragraph 14 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

XVII.

Paragraph 15 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

XVIII.

Paragraph 16 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

XIX.

Paragraph 17 of the original complaint, as amended by Paragraph 3. of plaintiffs' amended complaint, is denied. IC does not operate within the Parish of Orleans and more specifically IC does not operate at the Harmony Street Wharf within the Port of New Orleans which is alleged by plaintiffs to be the site of offloading onto railcars.

XX.

Paragraph 18 of the original complaint, as amended by Paragraph 4. of plaintiffs' amended complaint, is denied as written.

XXI.

Paragraph 19 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

XXII.

Paragraph 20 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

XXIII.

Paragraph 21 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

XXIV.

Paragraph 22 of the original complaint, as amended by Paragraph 5. of plaintiffs' amended complaint, is denied as to IC. As to the other named entities, the allegations are denied for want of information sufficient to warrant belief in the correctness thereof.

XXV.

Paragraph 23 of the original complaint is denied for want of information sufficient to warrant belief in the correctness thereof.

XXVI.

Paragraph 24 of the original complaint is denied.

XXVII.

Paragraph 25 of the original complaint, as amended by Paragraph 6. of plaintiffs' amended complaint, including all singularly numbered subparagraphs contained therein is specifically denied as to IC and to the extent plaintiffs seek any recovery from IC.

AND NOW FURTHER ANSWERING:

Third Defense

Pleading further, defendant IC denies that plaintiffs sustained the herein alleged damages as a consequence of any negligent or otherwise legally culpable act or omission by defendant IC or by anyone for whom it is or could be liable or responsible. If and to the extent it is shown *via* discovery that plaintiffs' harm or damages have been caused by the negligence or fault of third parties over whom IC exercises no control and for whom IC bears no responsibility or liability; IC pleads third party fault and is entitled to an apportionment of fault as to any and all persons who caused or contributed to plaintiffs' alleged harm or damages.

Fourth Defense

Pleading further, no negligent act or omission by defendant IC, or by anyone for whom it is or could be liable or responsible, was a cause-in-fact or proximate cause of the damages which plaintiffs herein seeks recovery.

Fifth Defense

Pleading alternatively, the damages plaintiffs herein claim did not result from and are not attributable to any negligence on IC's part (or on the part of anyone for whom it is or could be

liable or responsible) or to any deficiencies in any of the tools, equipment and/or rolling stock or as a result of any inadequate maintenance of the trackage over which plaintiffs' cargo traversed, but rather resulted from and as a consequence of plaintiffs' own fault, negligence and failure to exercise ordinary and reasonable care in the packaging of plaintiffs' cargo for international transport and/or in such other particulars as may be determined in discovery herein and proven at the trial hereof.

### Sixth Defense

Defendant IC specifically pleads plaintiffs' contributory negligence in bar or alternatively, in mitigation of any recovery they may herein make, if any.

### Seventh Defense

In the further alternative and if and to the extent it is herein determined that plaintiffs have failed to mitigate their damages, defendant IC is entitled to a reduction in any damages it is determined to owe to plaintiffs herein, if any, to the extent that plaintiffs' failure to mitigate their damages has enlarged or resulted in an exacerbation of their damages.

### Eighth Defense

Plaintiffs' damages, if any, were caused by other independent, unforeseeable, intervening and superseding causes including an Act of God for which defendants are not liable.

### Ninth Defense

IC avers that its conduct at all material times was in conformity with all general duties imposed upon it by the State of Louisiana, as well as applicable federal regulations.

Tenth Defense

IC avers that the under the Supremacy Clause of the United States Constitution plaintiffs' federal law claims are precluded and plaintiffs' state law based claims are preempted by the ICC Termination Act of 1995 as well as the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101, *et seq.,* and the and the regulations promulgated thereunder by the Federal Railroad Administration (FRA) including, but not limited to, any claims plaintiff may herein assert or attempt to assert that the events giving rise to this action were wholly or partially caused (a) by IC's failure properly and reasonably to inspect at interchange or otherwise and/or to maintain its rolling stock, and/or the rolling stock of private car owners and/or the rolling stock of other rail carriers, (b) by IC's failure properly and reasonably to inspect and maintain its tracks and roadbed, and/or (c) by IC's failure properly and reasonably to train its crew. The FRSA mandates the Secretary of Transportation to provide comprehensive and pervasive rules, regulations, orders, and standards for all areas of railroad safety.

Eleventh Defense

Subjecting IC to compensatory damages based upon state and federal law claims of negligence in the transportation of materials, notwithstanding IC's compliance with all rules, regulations, orders, and standards issued by the Secretary of Transportation of the United States creates an excessive, undue, and unconstitutional burden on interstate commerce in violation of the Commerce Clause of the United States Constitution, U.S.C.A. Constitution Article I, Section 8, Clause 3.

### Twelfth Defense

Any carriage of goods or cargo performed by IC was done so pursuant to its then applicable tariff. IC specifically pleads entitlement to the terms, benefits and protections of that agreement including any limitation of recovery and written notice of claim requirements imposed thereby.

### Thirteenth Defense

In the further alternative, to the extent IC's services are not governed by its then applicable tariff, IC is entitled to the extended protections of the Carriage of Goods by Sea Act (COGSA) 46 U.S.C. § 1301 *et seq*. whether by specific reference or extension through the contract of carriage between plaintiffs' and defendant Central Oceans USA.

### Fourteenth Defense

In failing to notify IC in any regard of their alleged damages before instituting the instant civil action against it, plaintiffs' negligent failure has resulted in the spoliation of evidence and has deprived this defendant of the subsequent use of that evidence during pre-trial proceedings and at any trial later conducted in this action.

### Fifteenth Defense

In the alternative and if and to the extent it is herein determined that plaintiffs' failed to timely and sufficiently notify IC in writing of their notice of claim pursuant to IC's then applicable tariff, IC specifically pleads plaintiffs have failed to perfect their claim against IC

making it untimely and subject to dismissal pursuant to *Federal Rules of Civil Procedure* Rule 56.

Sixteenth Defense

In the further alternative and if and to the extent it is herein determined that plaintiffs claim is untimely based on the terms and conditions of the contract for carriage between the parties, IC pleads the untimeliness of plaintiffs' action.

Seventeenth Defense

In the further alternative, the damages plaintiffs herein claim were the result of a defect in the manufacturing process due to plaintiffs' failure to exercise ordinary and reasonable care and not the result of any negligence on IC's part or on the part of anyone for whom it is or could be liable or responsible.

Eighteenth Defense

In the further alternative, any carriage of goods or cargo performed by IC was done so pursuant to a through bill of lading, or contract including the Multi Modal Transport Bill of Lading No USA/RTD/NOLA/2076. To the extent applicable, IC specifically pleads entitlement to the terms, benefits and protections of those agreements including any limitation of recovery imposed thereby including, but not limited to, any per package limitation.

WHEREFORE, defendant Illinois Central Railroad Company prays that its answer be deemed good and sufficient, and after due proceedings for judgment herein dismissing the suit and claims of plaintiffs Royal Smit Transformers, BV, AXA Versicherung AG, HDI-Gerling

Industrie-Versicherung AG, Basler Sachversicherung AG, and Ergo Versicherung AG with prejudice and at their sole cost and expense; defendant further prays for all other relief to which it is entitled in this civil action, whether in law or in equity.

|  |  |
|---|---|
| BRADLEY MURCHISON<br>KELLY & SHEA, LLC | *s/ Bradley R. Belsome*<br>BRADLEY R. BELSOME, T.A. (#27958)<br>JOHN B. STANTON (#36036)<br>1100 Poydras Street, Suite 2700<br>New Orleans, Louisiana 70163<br>Telephone: 504.596.6300<br>Facsimile: 504.596.6301<br>Email: bbelsome@bradleyfirm.com |

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing answer has been served electronically on counsel of record for all parties hereto *via* the Court's CM/ECF system on this 6th day of January 2017.

*s/ Bradley R. Belsome*